IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**JASON E. HARDING**                                                                                             **PLAINTIFF**

V.                                         CASE NO.  4:23-cv-697 JM

**DOES, "Damien" Ben's Bail Bonds;**
**MIKEY BOLDIN, Bondsman, Buddy**
**York Bail Bonds**                                                                                               **DEFENDANTS**

## ORDER

Plaintiff Jason Harding, in custody at the Pulaski County Detention Facility,[1] filed this case *pro se* case under 42 U.S.C. § 1983 alleging that defendants subjected him to excessive force. (Doc. 2). Harding's motion to proceed *in forma pauperis* (Doc. 1) is GRANTED; however, his complaint will be dismissed for failure to state a claim on which relief may be granted.

   I.      *In Forma Pauperis* Application

Harding must pay the entire $350 filing fee. 28 U.S.C. §1915(b)(1). Based on the information provided, the Court does not assess an initial partial filing fee. Harding's present custodian, the Administrator of the Pulaski County Detention Facility, or his designee, or any future custodian, will collect the $350.00 filing fee in monthly payments of 20% of the preceding month's income credited to Harding's inmate trust account, whenever the account has more than $10.00. The payments should be clearly identified by the name and number assigned to this action. The Clerk is directed to send a copy of this Order to the Administrator of the Pulaski County Detention Facility, 3201 W. Roosevelt Rd., Little Rock, AR 72204; the ADC Trust Fund

---

[1] Harding is held at the Pulaski County Detention Center pending bed space at the Arkansas Division of Correction. (Doc. 3); *see* https://apps.ark.org/inmate_info/search.

Centralized Banking Office, P.O. Box 8908, Pine Bluff, AR 71611; and the ADC Compliance Office, P.O. Box 20550, Pine Bluff, AR 71612.

## II.     Screening

Federal law requires courts to screen *in forma pauperis* complaints, 28 U.S.C. § 1915(e), and prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A. Claims that are legally frivolous or malicious; that fail to state a claim for relief; or that seek money from a defendant who is immune from paying damages should be dismissed before the defendants are served. 28 U.S.C. § 1915(e); 28 U.S.C. § 1915A. A complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable. *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 570 (2007). However, a *pro se* plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir.2002) (citations omitted).

## III.    Discussion

Harding alleges that employees of both Buddy York Bail Bonds and Ben's Bail Bonds performed a raid of his mother's home on February 17, 2023. (Doc. 2 at 3). Harding says the employees used excessive force in apprehending him. (*Id*.). According to Harding, he was repeatedly punched in the face, threatened with a firearm, and tazed. (*Id*.). As a result of the force, Harding states that he suffers headaches, blurred vision and "mental anguish." (*Id*.). He seeks $300,000 in damages. (*Id*. at 10).

In order to state a claim for relief under § 1983, the complaint must allege that a person acting under the color of state law deprived the plaintiff of a constitutional or federally protected statutory right. *American Mfrs. Mut. Ins. Co. v. Sullivan,* 526 U.S. 40, 49-50 (1999). A state actor is a pre-requisite to suit. Bail bondsmen, however, are not state actors. Rather, "bondsmen are

private citizens who interact with the state in the course of pursuing their private interests" and their conduct "is not attributable to the state." *Dean v. Olibas*, 129 F.3d 1001, 1006 n.4 (8th Cir. 1997). Accordingly, Harding has failed to state a federal claim.

To the extent Harding is making a state law tort claim, this Court declines to exercise supplemental jurisdiction over that claim. 28 U.S.C. § 1367. "'[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine . . . will point towards declining to exercise jurisdiction over the remaining state-law claims.'" *King v. City of Crestwood, Missouri*, 899 F.3d 643, 651 (8th Cir. 2018) (internal citation omitted). Having already determined that Harding has not stated a federal claim, the Court declines to retain jurisdiction over his state-law claim.

Harding's claims are dismissed without prejudice for failure to state a claim upon which relief may be granted. The Court recommends this dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g). This Court certifies that, pursuant to 28 U.S.C. § 1915(a)(3), an *in forma pauperis* appeal would not be taken in good faith..

IT IS SO ORDERED this 11th day of August, 2023.

_____
UNITED STATE DISTRICT JUDGE